IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIED WORLD INSURANCE COMPANY** )<br>**f/k/a ALLIED WORLD REINSURANCE COMPANY** )<br>**14 Centre Street** )<br>**Concord, New Hampshire 03301** )<br>  )<br>  **Plaintiff,** )<br>  )<br>v. )<br>  )<br>**HITT CONTRACTING INC.** )<br>**2900 Fairview Park Drive** )<br>**Falls Church, Virginia 22042** )<br>  )<br>  Serve: <u>Registered Agent</u> )<br>  National Registered Agents, Inc. )<br>  1015 15th Street, NW, Suite 1000 )<br>  Washington, D.C. 20005 )<br>  )<br>  **Defendant.** )<br>_____) | Civil Action No. _____ |

## COMPLAINT

COMES NOW, Plaintiff Allied World Insurance Company f/k/a Allied World Reinsurance Company ("AWIC"), by counsel, and states the following for its Complaint against Defendant HITT Contracting Inc. ("HITT"):

### PARTIES AND JURISDICTION

1. AWIC is a New Hampshire corporation engaged in the business of insurance and suretyship, with its principal place of business located at 14 Centre Street, Concord, New Hampshire 03301.

2. Upon information and belief, HITT is a Virginia corporation, engaged in the business of construction, with its principal place of business located at 2900 Fairview Park Drive, Falls Church, Virginia 22042.

3. Jurisdiction is proper in this Court pursuant to the federal diversity of citizenship statute, 28 U.S.C. § 1332(a), because AWIC and HITT are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2) because, among other factors: (i) a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia; (ii) the project that is the subject of AWIC's Complaint, upon which HITT performed as a general contractor, is located in the District of Columbia; and (iii) HITT is regularly engaged in substantial business activities in the District of Columbia.

## FACTUAL BACKGROUND

5. Upon information and belief, 440 K Street LLC ("the Owner") awarded a contract (the "Prime Contract") to HITT for construction of a mixed-use project, commonly known as 440 K Street, located at 440 K Street, NW, Washington, D.C. 20001 (the "Project").

6. In October 2012, HITT and Design Build Mechanical Corporation, VA ("DBMC") executed a subcontract (the "Subcontract") in which DBMC agreed to perform certain plumbing and HVAC work on the Project in exchange for payment of the Subcontract sum of $5,454,000.00.

7. A true and accurate copy of the Subcontract Agreement (excluding the voluminous exhibits) is attached hereto as **Exhibit 1**.

8. On or about January 9, 2013, AWIC (formerly Allied World Reinsurance Company) issued an AIA A312 performance bond ("Performance Bond") and AIA A312 payment bond ("Payment Bond"), each of which were identified as bond number A000000001 (collectively, "Surety Bonds") for the Project in the penal amount of $5,454,000.00.

9. DBMC completed its base contract work and any additional work directed by HITT in or around May, 2014, leaving only certain punch list and/or warranty items.

10. After completing its base work, DBMC voluntarily defaulted due to financial difficulties.

11. Pursuant to its rights and/or obligations under its Performance Bond, in or around August 2014, AWIC commenced efforts to complete the remaining punch list and warranty items remaining under the Subcontract.

12. Toward that end, AWIC, by and through a number of consultants and contractors, addressed and resolved legitimate punch list and repair issues within DBMC's scope of work on the Project.

13. Through AWIC's efforts, DBMC's scope of work on the Project, including the punch list and warranty work was completed or in the process of completion.

14. Nonetheless, despite AWIC's extraordinary efforts to address HITT's numerous demands for performance, for close to a year HITT failed and/or refused to make any payment of earned contract balances to AWIC, as an assignee of DBMC's rights under the Subcontract and as performing surety.

15. Aware of AWIC's frustration over HITT's improper withholding of payment, on or about July 15, 2015, HITT sent a letter to AWIC asserting, incorrectly, that AWIC was in default under its Performance Bond.

16. As further pretext for nonpayment (for now over a year and a half), HITT has informally asserted wholly unsubstantiated and/or unwarranted back charges against AWIC of approximately $100,000.00 and refuses to pay even the undisputed Subcontract balance.

17. AWIC is currently owed not less than $246,305.00 for the earned yet unpaid Subcontract balance on the Project.

18. AWIC brings this Complaint for itself based upon AWIC's equitable subrogation rights as a performing surety and its assignment of rights pursuant to an Agreement of Indemnity by and between DBMC and AWIC.

19. All conditions precedent, to the extent that any exist, have either occurred or been waived.

## COUNT I
## BREACH OF CONTRACT

20. AWIC hereby repeats and re-alleges the allegations contained in Paragraphs 1 through 19 of the Complaint as though fully and separately set forth herein.

21. Pursuant to the terms of the Subcontract and at the request of HITT, DBMC performed work on the Project.

22. DBMC completed its base work and any extra work under the Subcontract long before its voluntary default in or about August 2014.

23. AWIC, under its Performance Bond, performed to address and complete certain punch list items, warranty issues and/or corrective work in a timely and workmanlike manner.

24. HITT, however, has failed to fulfill its obligations under the Subcontract, including, but not limited to, its obligation to make final payment for work performed on the Project by and/or at the direction of DBMC and/or AWIC.

25. HITT's failures to perform its obligations under the Subcontract constitute material breaches of contract, for which HITT is liable.

26. In addition, HITT's refusal to accept DBMC and/or AWIC's work and to close out the Subcontract in a timely manner and HITT's refusal to conclude the punch list process for

over a year and a half – even after the Project has been fully occupied and operational – are breaches of HITT's implied obligations of good faith and fair dealing under the Subcontract.

27. DBMC and/or AWIC have been damaged by, among other material breaches, HITT's failure and/or refusal to pay the remaining Subcontract balance in accordance with the Subcontract totaling not less than $246,305.00.

WHEREFORE, Allied World Insurance Company f/k/a Allied World Reinsurance Company respectfully requests judgment against the Defendant HITT Contracting Inc., in the sum of not less than Two Hundred Forty-Six Thousand Three Hundred Five and 00/100 Dollars ($246,305.00), together with prejudgment and postjudgment interest, attorneys' fees, costs and such other further relief as the Court may deem just and proper.

## COUNT II
## QUANTUM MERUIT

28. AWIC hereby repeats and re-alleges the allegations contained in Paragraphs 1 through 19 of the Complaint as though fully and separately set forth herein.

29. Count II of the Complaint is pled in the alternative to Count I.

30. At HITT's request, DBMC and AWIC provided labor and/or materials on the Project.

31. All of the services rendered by DBMC and AWIC were rendered under such circumstances that HITT knew that DBMC and AWIC expected to be paid.

32. HITT has failed to pay for all of the work performed on the Project by DBMC and/or AWIC, or at their direction.

33. As a direct and proximate result of DBMC's and/or AWIC's work, HITT has received a substantial benefit for which AWIC, as assignee and subrogee, is entitled to be compensated.

34. HITT's acceptance and retention of the labor, materials, equipment, supervision, management and other construction services performed by DBMC and/or AWIC makes it inequitable for HITT to retain those benefits without payment for their value.

35. Absent payment for the work performed, HITT will be unjustly enriched by the value of the work performed on the Project at HITT's request by DBMC and/or AWIC, or at their direction.

36. The reasonable value of the work performed by DBMC and/or AWIC is not less than $246,305.00 in excess of the payments received to date.

WHEREFORE, Allied World Insurance Company f/k/a Allied World Reinsurance Company respectfully requests judgment against the Defendant HITT Contracting Inc., in the sum of not less than Two Hundred Forty-Six Thousand Three Hundred Five and 00/100 Dollars ($246,305.00), together with prejudgment and postjudgment interest, attorneys' fees, costs and such other further relief as the Court may deem just and proper.

Dated this 5th day of February 2016.

Respectfully submitted,

**ALLIED WORLD INSURANCE COMPANY F/K/A ALLIED WORLD REINSURANCE COMPANY**

By Counsel

   /s/ Hanna Lee Blake
Hanna Lee Blake, Esq. (D.C. Bar No. 992512)
**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
8405 Greensboro Drive, Suite 100
McLean, Virginia  22102
(703) 749-1000 (telephone)
(703) 893-8029 (facsimile)
hblake@watttieder.com